IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CR-294-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL WAYNE LOCKLEAR, | ) | |
| | ) | |
| Defendant. | ) | |

On April 28, 2025, without a plea agreement, Daniel Wayne Locklear ("Locklear" or "defendant") pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 [D.E. 30]. On August 19, 2025, the court held Locklear's sentencing hearing [D.E. 46, 49]. At the hearing, the court adopted the facts stated in the Presentence Investigation Report ("PSR") and sentenced Locklear to 180 months' imprisonment, consecutive to any state sentence. [D.E. 46, 49]. The court deferred for 60 days the determination of restitution for J.E., a police officer who Locklear shot during the incident animating Locklear's felonious possession of the firearm. See [D.E. 47] 5; [D.E. 49] 30–31. J.E. accrued unpaid medical bills for treatment of his injuries. See PSR [D.E. 35] ¶ 7; [D.E. 49] 24. On October 17, 2025, Locklear opposed the government's request for restitution [D.E. 50]. On October 20, 2025, the United States acknowledged that no statutory authority exists to award restitution [D.E. 51].

"[F]ederal courts do not have the inherent authority to order restitution, but must rely on a statutory source" to do so. United States v. Cohen, 459 F.3d 490, 498 (4th Cir. 2006). The court "may order . . . that the defendant make restitution to any victim of [the] offense." 18 U.S.C. § 3663(a)(1)(A). "For a person to be considered a victim under [section] 3663, the act that harms the individual must be either conduct underlying an element of the offense of conviction, or an act

taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996); see United States v. Davis, 714 F.3d 809, 813–14 (4th Cir. 2013). "[U]se [of the firearm] is not an element" of section 922(g)(1), "nor is it conduct underlying an element of the offense." United States v. Hawkins, 232 F.3d 891, at *2 (4th Cir. 2000) (per curiam) (unpublished table decision). Accordingly, J.E. is not a victim under section 3663(a)(1)(A) and cannot be awarded restitution. See Blake, 81 F.3d at 506; Davis, 714 F.3d at 813–14; Hawkins, 232 F.3d 891, at *2.

In sum, the court DENIES the United States's request for restitution and an amended judgment SHALL BE ENTERED to state that the court lacks statutory authority to order restitution for J.E. J.E. may pursue a civil action against Locklear.

SO ORDERED. This 21 day of October 2025

JAMES C. DEVER III
United States District Judge